KATHRYN G. KIMBALL, as Administratrix of the Estate
of NATHAN C. KIMBALL, Deceased, Respondent, v. THE
NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Kimball* v. *N. Y. Central R. R. Co.*, 175 App. Div. 965, affirmed.
(Argued May 10, 1918; decided May 28, 1918.)

APPEAL, by permission, from a judgment of the
Appellate Division of the Supreme Court in the fourth
judicial department, entered November 20, 1916, *unani-
mously* affirming a judgment in favor of plaintiff entered
upon a verdict in an action under the Federal Employers'
Liability Act to recover for the death of plaintiff's
intestate alleged to have been occasioned through the
negligence of defendant, his employer. Intestate was a
brakeman and while engaged adjusting a coupling
between two cars, the train was started, as alleged,
without notice to intestate and he was caught and
crushed between the cars. The answer set up con-
tributory negligence and assumption of risk. The trial
court directed a verdict for plaintiff, submitting to the
jury only the question of damages.

*Louis L. Babcock* for appellant.

*Hamilton Ward* and *Irving W. Cole* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CAR-
DOZO, POUND, MCLAUGHLIN and ANDREWS, JJ.

---

KATE D. ELLERS, as Administratrix of the Estate of
CHARLES E. ELLERS, Deceased, Appellant, v. ERIE
RAILROAD COMPANY, Respondent.

*Ellers* v. *Erie R. R. Co.*, 178 App. Div. 298, affirmed.
(Argued May 10, 1918; decided May 28, 1918.)

APPEAL from a judgment entered May 15, 1917, upon
an order of the Appellate Division of the Supreme Court
in the fourth judicial department, reversing a judgment in
favor of plaintiff entered upon a verdict and directing a
dismissal of the complaint in an action to recover for the

death of plaintiff's intestate alleged to have been occasioned through the alleged negligence of defendant. The intestate, an intending passenger by one of defendant's local trains, in crossing the tracks to reach the station was struck by an express train, which was late and running on the time of the local, and received the injuries causing his death. It was shown that the whistle of the express train sounded one long blast as it approached the station such as was given by the local train. Plaintiff contended that this deceived the intestate into believing that the approaching train was the local which would have stopped at the station. The Appellate Division held that intestate was guilty of contributory negligence and that in any event the plaintiff had failed to make out a case of actionable negligence; that there is no rule of law that requires a railroad company to give a peculiar warning whistle or signal to apprise the public as to the character of the train, it being enough if it gives a sufficient and timely warning signal of its approach.

*Hamilton Ward* for appellant.
*John W. Ryan* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ.